**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| FRUIT OF THE SPIRIT MINISTRIES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. ________________ |
| OHIO SECURITY INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant, Ohio Security Insurance Company ("Ohio Security"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this case to the United States District Court for the Western District of Oklahoma. In support of removal, Ohio Security respectfully states as follows:

## I. GENERAL

1. This action is removable based on the Court's diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) because complete diversity of citizenship exists between Plaintiff and Defendant Ohio Security, and the amount-in-controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2. Venue is appropriate in this Court and this Court embraces the district in which the state court action was pending.

3. Plaintiff Fruit of the Spirit Ministries, Inc. ("Plaintiff") filed their Petition on June 24, 2026, against Defendant in the District Court of Oklahoma County, Oklahoma, Case No. CJ-2026-5182, styled *Fruit of the Spirit Ministries, Inc. v. Ohio Security Insurance Company*. Plaintiff generally asserts claims for breach of contract and breach of the duty of good faith and fair dealing. (**Exhibit 1**).

4. Plaintiff's Petition alleges, in paragraph two, that the property is located in Oklahoma County in the state of Oklahoma. (*See* **Exhibit 1**, ¶ 2).

5. At the time of the filing of this action and at the present time, Ohio Security was and is a foreign company, duly organized and existing under the laws of the State of New Hampshire and no other state, with its principal place of business in Massachusetts; it is not a citizen of Oklahoma.

6. Defendant Ohio Security was served with process by certified mail to its registered agent Oklahoma Insurance Department located in Oklahoma County, on or about July 28, 2026. (**Exhibit 2**).

7. Such citizenship of the Plaintiff and Defendant Ohio Security existed at the time this suit was commenced and, on information and belief, remains unchanged at the time of removal. Therefore, complete diversity of citizenship exists as required by 28 U.S.C. § 1332.

8. The amount in controversy requirement is also met. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth in 28 U.S.C. § 1332(a). Plaintiff's Petition claims "the amount

of damages sought to be recovered by Plaintiffs is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code. (**Exhibit 1**).

## II. JURISDICTION

9. Pursuant to 28 U.S.C. § 1446(a), the notice of removal need only contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In addition, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

10. Because complete diversity of citizenship exists and because the amount placed in controversy by Plaintiff satisfies the jurisdictional requirements, Federal diversity jurisdiction exists under 28 U.S.C. §§ 1332.

## III. PROCESS, PLEADINGS, TIMELINESS

11. Plaintiffs filed their state court Petition against Defendant Ohio Security on June 24, 2026. (**Exhibit 1**).

12. Defendant Ohio Security was served with process by certified mail to the Oklahoma Insurance Department on or about July 28, 2026. This Notice of Removal is therefore timely filed by Defendant under the provisions of 28 U.S.C. § 1446, as it is filed within thirty (30) days from the date Defendant was served, and this action is removed under 28 U.S.C. § 1332. (**Exhibit 2**).

13. Written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal and supporting papers, will promptly be delivered to

the Plaintiffs and filed with the Clerk of the District Court of Oklahoma County, State of Oklahoma, as required by 28 U.S.C. § 1446(d).

14. To comply with 28 U.S.C. §1446(a), copies of all pleadings, orders, and processes filed with the state court are attached hereto as Exhibits, as follows:

a. **Exhibit 1**, Petition,

b. **Exhibit 2**, Proof of Service,

15. Pursuant to LCvR 81.2(a), a copy of the state court docket sheet is attached hereto as **Exhibit 3**.

16. Defendant Ohio Security will, pursuant to FED. R. CIV. P. 7.1, promptly file a Corporate Disclosure Statement.

17. Defendant Ohio Security's Answer will be forthcoming pursuant to FED. R. CIV. P. 81.

**WHEREFORE**, Defendant Ohio Security states that this action is properly removable and respectfully requests that this action now pending before the District Court of Oklahoma County, State of Oklahoma, be removed to this Court.

Dated: August 17, 2026.

Respectfully submitted,

/s/ Kelsey A. Chilcoat

Cody J. Cooper, OBA No. 31025
Kelsey A. Chilcoat, OBA No. 32750
PHILLIPS MURRAH P.C.
424 NW 10th Street, Suite 300
Oklahoma City, OK 73103
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
cjcooper@phillipsmurrah.com
kachilcoat@phillipsmurrah.com
***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of August, 2026, I electronically transmitted the foregoing document to the Court Clerk using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following ECF registrants:

Grayson L. Jones
Catastrophic Claims Legal Group
201 Robert S. Kerr Avenue, Suite 700
Oklahoma City, OK 73102
Telephone: 771-999-3669
Email: grayson@catclaimslegalgroup.com

and

Derek L. Fadner
Storm Law Partners, PLLC
1000 Main Street, Suite 2300
Houston, TX 77002
Telephone: 832-323-3000
Email: derek@stormlawpartners.com
service@stormlawpartners.com
***ATTORNEYS FOR PLAINTIFF***

/s/ Kelsey A. Chilcoat